## J. W. MITCHELL v. C. A. JOHNSON.

Decided May 2, 1903.

**School Land—Lease—Purchase.**

Where a section of State school land was sold to W., who was duly qualified to purchase it, and such sale was made during the existence of a lease of the land by the State, but the lessee had assigned the lease to W., this removed the obstacle to the sale interposed by the lease, and the Commissioner thereupon had authority to make the sale. Following Tolleson v. Rogan, 96 Texas, 424.

Appeal from the District Court of Borden. Tried below before Hon. W. R. Smith.

*Ed J. Hamner,* for appellant.

*E. R. Yellott,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee to recover section 106, block 25, of State school land in Borden County. The section in controversy was duly classified as dry grazing land, and appraised at $1 per acre on September 3, 1898, and appellee, who was a qualified purchaser, became an actual settler thereon, as the verdict in his favor establishes, and as such applied in due form to purchase it on September 3, 1900. Appellee's application, obligation and first payment as required by law were duly forwarded and received, but the Commissioner of the General Land Office rejected his application on the ground that the land had been sold to one G. W. Williams on August 27, 1900. On August 22, 1900, Williams had become, by mesne conveyances, the owner and substituted purchaser from the State of section 134, State school land, which was within a radius of five miles of said section 106, and which had, on August 21, 1895, been sold to one W. P. Coats, who thereafter had made due proof of his three years' continued occupancy as required by law. After such proof of occupancy by Coats, and after Williams had been duly substituted in the Land Office as the purchaser of said section 134, Williams, on August 25, 1900, duly applied to purchase the section in controversy as additional to his home section 134, and the Commissioner awarded said section 106 to him as such additional land on August 27, 1900. This latter purchase and award is in all things regular, unless otherwise affected by the fact that section 106, on August 30, 1895, had been duly leased for a term of five years to one T. Harrison who had paid rental in full for the term at the date of his lease, but who duly assigned the same to G. W. Williams, August 25, 1900.

Appellant, on November 20, 1901, became the owner by purchase of all right, if any, Williams acquired in the section in controversy.

The court submitted only the issue made in the pleadings and proof

of appellee's settlement, instructing the jury that if they found "that on September 3 and 5, 1900, when the plaintiff C. A. Johnson made and filed his application to purchase the land in controversy, he was an actual settler thereon in good faith for the purpose of making same his home, you will find for the plaintiff, and so say by your verdict."

Error is assigned to this charge, and we think it evident from the mere statement of facts above given that the assignment must be sustained. The trial was upon the 20th day of October, 1902, and the trial judge evidently adopted the theory that section 106 was not upon the market at the date of the Williams application and award by reason of the then unexpired lease to Harrison. But in view of its assignment to Williams and of the recent decision of our Supreme Court in the case of Tolleson v. Rogan, 96 Texas, 424, 7 Texas Ct. Rep., 128, this view can not now be sustained. Under the law as construed in the Tolleson case the transfer of the lease to Williams "removed the obstacle to a sale interposed by the lease," and gave room for the exercise of the power of the Commissioner to sell and of the appellant Williams to buy. The prior sale to Williams being therefor valid, and appellant without controversy having acquired Williams' right, it follows that the judgment should be reversed and here rendered for appellant, and it is so ordered.

*Reversed and rendered.*